**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL HARPER, | No. 09-16988 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02149-LKK-DAD |
| v. | |
| SGT. COSTA; MENDES, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted August 10, 2010[**]

Before:    O'SCANNLAIN, HAWKINS, and IKUTA, Circuit Judges.

Daniel Harper, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants

violated his constitutional rights by issuing him a false disciplinary violation.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

Harper's action was properly dismissed because his disciplinary violation, and the associated penalties, were reversed through the prison's administrative appeal procedure, and because Harper did not allege facts suggesting that his resulting administrative segregation imposed an atypical and significant hardship. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (under the Due Process Clause, a prisoner may challenge a state disciplinary action only if it "deprives or restrains a state-created liberty interest in some 'unexpected manner'" or "imposes some 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life'" (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)).

Harper's remaining contentions are unpersuasive.

**AFFIRMED.**